[Cite as *State v. Birchell*, 2025-Ohio-26.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. 24-COA-021 |
| JUSTIN BIRCHELL | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:    Appeal from the Ashland County Court of
Common Pleas, Case No. 22-CRI-212


JUDGMENT:    Judgment Affirmed in part, Reversed in
part, and Remanded for resentencing


DATE OF JUDGMENT ENTRY:    January 6, 2025


APPEARANCES:


For Plaintiff-Appellee

CHRISTOPHER R. TUNNELL
Ashland County Prosecutor

ANDRES R. PEREZ
Assistant Prosecuting Attorney
Appellate Division
110 Cottage Street, Third Floor
Ashland, Ohio 44804

For Defendant-Appellant

CHRISTOPHER BAZELEY, ESQ.
9200 Montgomery Road, Suite 8A
Cincinnati, Ohio 45242

*Hoffman, P.J.*

{¶1} Defendant-appellant Justin Birchell appeals the judgment entered by the Ashland County Common Pleas Court convicting him following his pleas of guilty to aggravated burglary (R.C. 2911.11), violation of a protection order (R.C. 2919.27), and assault (R.C. 2903.13), and sentencing him to consecutive terms of incarceration of four to six years for aggravated burglary and 30 months incarceration for violation of a protection order. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On October 12, 2022, Appellant broke into his former girlfriend's home and assaulted her. At the time, a civil protection order protected the victim from Appellant. He was indicted by the Ashland County Grand Jury on November 18, 2022, with aggravated burglary, violation of a protection order, and assault.

{¶3} The State moved to amend the charge of violation of a protection order to correct the type of protection order as set forth in the indictment. Appellant consented to the amendment, and the trial court granted the motion.

{¶4} Appellant entered pleas of guilty to all counts of the indictment, and was convicted upon his pleas. The case proceeded to sentencing. The State represented the convictions of aggravated burglary and assault would merge, and elected to have Appellant sentenced for aggravated burglary. Appellant made no argument concerning merger. The trial court sentenced Appellant to four to six years incarceration for aggravated burglary and 30 months incarceration for violation of a protection order, to be served consecutively.

{¶5} It is from the April 30, 2024 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

THE TRIAL COURT ERRED WHEN IT FAILED TO MERGE BIRCHELL'S VIOLATING A PROTECTION ORDER CONVICTION WITH HIS OTHER CONVICTIONS FOR SENTENCING.

{¶6} Appellant argues because the conviction for violation of a protection order is supported by the same conduct as the convictions for aggravated burglary and assault, the conviction of violation of a protection order is an allied offense of similar import which should have merged with the other convictions. R.C. 2941.25 governs allied offenses:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶7} This test requires a court to ask three questions in conducting a merger analysis: "(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of [these questions] will permit separate convictions. The

conduct, the animus, and the import must all be considered." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 31. An allied-offenses analysis must be driven by the facts of each case. "[T]he analysis must focus on the defendant's conduct to determine whether one or more convictions may result, because an offense may be committed in a variety of ways and the offenses committed may have different import." *Id.*

{¶8} There are two circumstances in which offenses will be deemed dissimilar in import, making sentences for multiple counts permissible. The first circumstance is "[w]hen a defendant's conduct victimizes more than one person [because] the harm for each person is separate and distinct." *Id.* at ¶ 26. The second circumstance is when a defendant's conduct against a single victim constitutes two or more offenses and "the harm that results from each offense is separate and identifiable from the harm of the other offense." *Id.* Therefore, the Ohio Supreme Court has held "two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Ruff* at ¶ 26. Whether the offenses have similar import will be revealed by "[t]he evidence at trial or during a plea or sentencing hearing." *Id.*

{¶9} Appellant failed to object to the trial court's failure to merge the violation of a protection order conviction with the other convictions, and thus he must demonstrate plain error on appeal. To establish plain error, Appellant must show an error occurred, the error was obvious, and there is a reasonable probability the error resulted in prejudice,

meaning the error affected the outcome of the trial. *State v. McAlpin,* 2022-Ohio-1567, ¶66, *citing State v. Rogers*, 2015-Ohio-2459, ¶ 22.

{¶10} Appellant was convicted of violation of a protection order in violation of R.C. 2919.27:

> (A) No person shall recklessly violate the terms of any of the following:
>
> (1) A protection order issued or consent agreement approved pursuant to section 2919.26 or 3113.31 of the Revised Code;
>
> (2) A protection order issued pursuant to section 2151.34, 2903.213, or 2903.214 of the Revised Code;
>
> (3) A protection order issued by a court of another state.

{¶11} Appellant cites this Court to two cases in which a conviction of violation of a protection order was found to be an allied offense of a crime committed with the same conduct. In *State v. Seymour*, 2012-Ohio-3125 (12th Dist.), the court held domestic violence, aggravated burglary, and violation of a protection order were allied offenses of similar import because they were committed with the same conduct. Similarly, in *State v. O'Brien*, 2013-Ohio-13 (11th Dist.), the court found violation of a protection order merged with felonious assault when supported by the same conduct.

{¶12} As noted by the State, both *Seymour* and *O'Brien* predate the Ohio Supreme Court's decision in *Ruff*, *supra*, and therefore neither court considered whether the convictions were of dissimilar import. The State does not argue Appellant's conduct

in violating the protection order was different from his conduct in committing aggravated burglary and assault. Rather, the State argues the offense of violating a protection order is not of similar import because it presents a separate and identifiable harm from assault and aggravated burglary. The State argues the harm caused by Appellant's violation of the protection order is disregard for the authority of the court, and not harm caused to his former girlfriend, who was the victim of the assault and aggravated burglary.

{¶13} This Court previously held discharging a firearm near prohibited premises and felonious assault were not allied offenses of similar import when supported by the same conduct:

> The offense of discharging a firearm over a public road or highway is a strict liability offense, and the public is the victim of the offense. *State v. James*, 8th Dist. No. 102604, 2015-Ohio-4987, 53 N.E.3d 770, ¶ 34, *cause dismissed*, 146 Ohio St.3d 1403, 2016-Ohio-3146, 50 N.E.3d 569, ¶ 34. Accordingly, the offense does not merge with felonious assault. *See, e.g., State v. Wright*, 7th Dist. Mahoning No. 15 MA 0092, 2017-Ohio-1211, ¶ 24; *State v. Wood,* 10th Dist. Franklin No. 19AP-649, 2020-Ohio-4895, 160 N.E.3d 439, ¶ 50; *State v. Johnson*, 8th Dist. Cuyahoga No. 105424, 2018-Ohio-1387, 110 N.E.3d 863, ¶ 34
>
> In *State v. Williams*, 8th Dist. No. 107221, 2019-Ohio-794, 132 N.E.3d 1233, the defendant argued his offenses for murder and discharging a weapon over a public highway should merge. The court held the victim of the murder offense was a specific victim, while the victim of the discharging

a firearm upon or over a public road or highway was the public at large, including the witnesses in the vicinity; the latter offense posed a great risk of harm to the public which was separate and differed in its significance from harm to a specific victim. *Id.* at ¶ 49.

Likewise, in the instant case, the act of discharging the gun over a public road posed a risk of harm to the public, which is separate and differed in significance from the harm posed to the specific occupants of the vehicle. The evidence demonstrated the gun was fired in a residential neighborhood, during the afternoon hours when children were outside playing. Tr. 292. The gunshot was witnessed by at least one neighbor, Almedia Carter. By Appellant's own testimony, he shot directly toward a community park, intending for the trees in the park to "catch" the bullet. Tr. 647. We find the trial court did not err in failing to merge the offenses of discharging a weapon over a public road and felonious assault, as the victims of each offense were different and the harm caused was separate and identifiable.

{¶14} *State v. Anderson,* 2021-Ohio-2316, ¶ 39-41 (5th Dist.).

{¶15} In the instant case, we disagree with the State's contention the victim of the crime of violation of a protection order is the court, not the person protected by the order. In *Anderson, supra*, the statute prohibiting discharging a firearm over a public road was clearly enacted to protect the public, not necessarily a specific victim. The risk of harm caused by discharging a weapon over a public road is separate from the risk of harm caused by discharging a weapon at a defendant's intended victim. However, in the instant

case, the State points to no "harm" caused to the court system other than Appellant's display of disrespect for a prior order of the court. The protection order itself is designed for the protection of a specific victim, not for the protection of the court system. We find it necessarily follows the purpose of criminalizing the violation of the order is to protect the person covered by the order, not to protect the court system. We find the offense of violation of the protection order in the instant case, where the crime was committed by the same conduct as the crimes of aggravated burglary and assault, is an allied offense of similar import.

{¶16} We further find in the instant case, the error is plain error. The indictment alleges Appellant violated the protection order on or about October 12, 2022, the same date set forth in the indictment for aggravated burglary and assault, and further alleges he violated the protection order while committing a felony offense. We find the error was obvious, and Appellant has demonstrated a reasonable probability the error affected his sentence.

{¶17} The assignment of error is sustained.

**{¶18}** The judgments of conviction are affirmed. The judgment of sentence is reversed as to the sentence for the conviction of violation of a protection order, and this case is remanded to the Ashland County Common Pleas Court for resentencing, according to law and consistent with this opinion.

By: Hoffman, P.J.

Baldwin, J. and

King, J. concur