**[Cite as *State v. Hoffman*, 2025-Ohio-4609.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. WD-24-078 |
| | WD-24-080 |
| Appellee | WD-24-081 |
| v. | Trial Court No. 2024CR0051 |
| | 2024CR0094 |
| Jake I. Hoffman | 2024CR0241 |
| Appellant | **<u>DECISION AND JUDGMENT</u>** |

Decided: October 3, 2025

* * * * *

Michael H. Stahl, Esq., for appellant.

Paul A. Dobson, Esq., Wood County Prosecutor and,
David T. Harold, Esq., Assistant Prosecutor for appellee.

* * * * *

**DUHART, J.**

**{¶ 1}** In this consolidated appeal, appellant, Jake I. Hoffman, appeals from

judgments of conviction and sentencing entered by the Wood County Court of Common

Pleas in trial court case Nos. 2024CR0051, 2024CR0094, and 2024CR0241. For the reasons that follow, the trial court's judgments are affirmed.

**Statement of the Case and of the Facts**

{¶ 2} Although this appeal concerns three cases, Hoffman alleges error only in connection with case No. 2024CR0094 (corresponding to appellate case No. WD-24-80). The procedural and substantive facts related to case Nos. 2024CR0051 and 2024CR0241 are mentioned only to provide context.

**2024CR0051**

{¶ 3} In case No. 2024CR0051, Hoffman was charged in a three-count indictment relating to a sequence of events that occurred on January 15, 2024, when Hoffman, after being asked to leave the residence of the victim, S.B., led Bowling Green Police on a high-speed pursuit during which Hoffman drove his vehicle straight through a roundabout and swerved into oncoming lanes of traffic, at times reaching speeds of over 120 miles per hour. The chase finally ended when Hoffman drove his vehicle over a guard rail and crashed.

{¶ 4} Count one charged Hoffman with failure to comply with an order or signal of a police officer, which was a felony of the third degree. Count two charged him with operating a motor vehicle under the influence of alcohol, a drug of abuse, or a combination of them, which was a misdemeanor of the first degree. And count three charged him with criminal trespass, which was a misdemeanor of the fourth degree.

2.

**{¶ 5}** After pleading guilty to counts one and two, Hoffman was sentenced to serve 36 months in prison for the failure to comply offense, and 180 days in jail for the offense of OVI. The sentences were imposed concurrently with one another and "consecutive, by statute, to the collective concurrent sentences imposed in Case Numbers 2024CR0094 and 2024CR0241."

**2024CR0094**

**{¶ 6}** In case No. 2024CR0094, Hoffman was charged in a four-count indictment relating primarily to events that occurred on February 21, 2024, but also tangentially relating to events that occurred between January 14, 2024, and February 21, 2024. On February 21, 2024, Hoffman went to the home of the victim, S.B., "in an attempt to get rid of a protection order" that S.B. had recently obtained against him. While he was there, he thrust himself inside the residence, grabbed S.B. by the waist, and attempted to kiss and hug her. S.B. managed to push him back outside, after which Hoffman left the scene. He was subsequently arrested at his own residence.

**{¶ 7}** Complaint paperwork alleges that Hoffman had previously been charged with telephone harassment and trespassing on the property. In addition, the complaint paperwork alleges that prior to the February 21, 2024 incident, "officers were dispatched [to the victim's address] on 01/14/2023, 01/15/2024, regarding incidents of JAKE HOFFMAN causing problems with [the victim]. HOFFMAN returned later on 01/15/2024 taking Bowling Green Police Division officers on a pursuit. 01/24/2024 [the

3.

victim] contacted the Bowling Green Police Division on social media and a warrant was issued for telephone harassment."

{¶ 8} Count one in the case charged Hoffman with burglary, which was a felony of the second degree. Count two charged him with menacing by stalking, which was a felony of the fourth degree because he committed the offense while trespassing on the victim's property. Count three charged him with violating a protection order, which was a felony of the third degree because he violated that order while committing a felony, specifically burglary. And count four charged him with violating a protection order, which was a felony of the fifth degree because, as alleged by the State, "he was already subject to a protection order out of the Tiffin-Fostoria Municipal Court." (Counts one, three, and four were all related to events that occurred on February 21, 2024. Only count two involved events that occurred between January 14, 2024, and February 21, 2024.)

{¶ 9} Following plea negotiations, Hoffman pleaded guilty to counts two and three, with counts one and four being dismissed at the time of sentencing. Hoffman was sentenced to 18 months in prison for the menacing by stalking offense, and 36 months in prison for violating a protection order while perpetrating the burglary. The sentences were ordered to be served consecutively to one another, as well as consecutively to the "collective concurrent sentences imposed in Case Number 2024CR0051." The issue of merging the two convictions for purposes of sentencing was never raised in the trial court.

4.

**2024CR0241**

{¶ 10} In case No. 2024CR0241, Hoffman was charged in a single count indictment relating to conduct that occurred on June 22, 2024, and involved his calling the victim, S.B., six times between 1:06 am to 2:15 am. The charge was for violating a protection order, which was a felony of the fifth degree because -- as was previously asserted -- he already had a protection order out of the Fostoria-Tiffin Municipal Court.

{¶ 11} Hoffman pleaded guilty to the charge and was later sentenced to serve 12 months in prison. The sentence was ordered to be served concurrently with "the collective sentences imposed in Case Number 2024CR0094."

## Assignments of Error

{¶ 12} On appeal, Hoffman asserts the following assignment of error:

    I.    The trial court erred, and plain error occurred when the court failed to merge the two counts on case # 2024CR0094 at sentencing as both charges are allied offenses of similar import, in violation of the Ohio Revised Code and prohibitions against double jeopardy in the Ohio and United States Constitutions.

    II.    Trial counsel was ineffective by failing to preserve the record and move the court to merge the charges in case #2024CR0094.

## Law and Analysis

**First Assignment of Error**

{¶ 13} Hoffman argues in his first assignment of error that the trial court erred in failing to merge the charges for violating a protection order and menacing by stalking as

allied offenses, and that this failure violated R.C. 2941.25 as well as the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

{¶ 14} While appellate courts generally review de novo whether offenses should be merged, *State v. Turvey,* 2023-Ohio-2248, ¶ 109 (6th Dist.), citing *State v. Smith,* 2023-Ohio-866, ¶ 10 (6th Dist.) (additional citation omitted), where, as here, Hoffman did not preserve the issue of merger at trial, our review is limited to plain error. *See State v. Bailey*, 2022-Ohio-4407, ¶ 7, citing *State v. Rogers,* 2015-Ohio-2459, ¶ 28 ("the failure to raise the allied offense issue at the time of sentencing forfeits all but plain error").

{¶ 15} "Under the plain-error doctrine, intervention by a reviewing court is warranted only under exceptional circumstances to prevent injustice." *State v. Bailey*. 2022-Ohio-4407, ¶ 8, citing *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus. To prevail, Hoffman must demonstrate that "an error occurred, that the error was obvious, and that there is 'a reasonable *probability* that the error resulted in prejudice,' meaning that the error affected the outcome of the trial." (Emphasis added in *Rogers*.) *Id.*, quoting *State v. McAlpin*, 2022-Ohio-1567, ¶ 66, quoting *State v. Rogers*, 2015-Ohio-2459, ¶ 22. "The elements of the plain-error doctrine are conjunctive: all three must apply to justify an appellate court's intervention." *Id.* at ¶ 9, citing *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).

{¶ 16} The first element requires that there be error. Here, the alleged error is that the trial court failed to find that the offenses of violating a protection order and menacing by stalking should have merged at sentencing.

6.

{¶ 17} "'R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article 1 of the Ohio Constitution, which prohibit multiple punishments for the same offense.'" *Turvey* at ¶ 107 (6th Dist.), quoting *State v. Rogers*, 2022-Ohio-4126, ¶ 16 (6th Dist.). R.C. 2941.25 provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 18} The test for determining whether allied offenses should be merged involves three questions: "'"(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?"'" *Bailey* at ¶ 10, quoting *State v. Earley*, 2015-Ohio-4615, ¶ 12, quoting *State v. Ruff*, 2015-Ohio-995, ¶ 31. "If the answer to any of these questions is 'yes,' the defendant may be convicted and sentenced for multiple offenses." *State v. Frierson*, 2024-Ohio-5521, ¶ 21 (6th Dist.), citing *Ruff* at ¶ 25, 31. The Ohio Supreme Court has emphasized that a merger analysis must focus on the defendant's conduct, rather than simply compare the elements of the various offenses. *Ruff* at ¶ 26, 30.

7.

{¶ 19} "The defendant bears the burden of establishing that R.C. 2941.25 prohibits multiple punishments." *State v. Kretzer,* 2024-Ohio-2494, ¶ 14 (6th Dist.), citing *Smith* at ¶ 10, citing *State v. Washington,* 2013-Ohio-4982, ¶ 18. "Although determining whether R.C. 2941.25 has been properly applied is a legal question, it necessarily turns on an analysis of the facts, which can lead to exceedingly fine distinctions." *Bailey* at ¶ 11.

{¶ 20} Hoffman argues in his appellate brief that it was plain error for the trial court not to have merged his convictions for violating a protection order and menacing by stalking as allied offenses of similar import because "there is only one alleged victim here, and only one action" -- i.e., the trespassing at the victim's residence -- with the same "misguided animus for the activity," "stem[ming] from a similar 'pattern of harassment.'" In his reply brief, Hoffman further argues that the charges for violating a protection order, menacing by stalking, and burglary were all related to one incident and that "[h]ad the burglary not been dismissed, all three charges should have merged." He also summarily asserts that "there was no separate and identifiable harm."

{¶ 21} In conducting our review, we first turn to the "import" prong of the 3-question merger analysis. In *Ruff*, the Ohio Supreme Court explained that offenses are of *dissimilar* import "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at ¶ 23.

{¶ 22} Our focus in this case is on whether the harm that resulted from each of Hoffman's offenses was separate and identifiable. The harm caused by Hoffman's

8.

menacing by stalking offense was -- as is specified by the Revised Code section that defines menacing by stalking -- "mental distress" to the victim that was caused by the defendant's "pattern of conduct." *See* R.C. 2903.211. (A)(1) ("No person by engaging in a pattern of conduct shall knowingly cause…mental distress to [another person]."). That Hoffman trespassed onto the victim's land is not itself an element of the actual offense. Rather, it is an element that, if found, enhances the offense level. *See* R.C. 2903.211 (B)(2)(c) ("Menacing by stalking is a felony of the fourth degree if…[i]n committing the offense…the offender trespassed on the land or premises where the victim lives.")

{¶ 23} The offense of violating a protection order, on the other hand, causes several harms that are separate and distinct from the harm of "mental distress." First, violating a protection order deprives a victim of her court-ordered right to be free from any contact or proximity with the person against whom the protection order was issued. *State v. Hymer*, 2025-Ohio-1691, ¶ 28 (12th Dist.). A second potential harm arises from the fact that, in this case, Hoffman was charged with violating a protection order while committing the additional (felony) offense of burglary. *See* R.C. 2919.27(A)(2) and (B)(1), (4) (If the offender violates a protection order…while committing a felony offense, violating a protection order is a felony of the third degree.) One of the harms caused by burglary is "intrusion into the sanctity of the home." *See Hymer* at ¶ 27. This harm involves the "violation and loss of the [victim's] sense of trust and security in [her] personal living space[]." *State v. Ramunas*, 2022-Ohio-4199, ¶ 25 (Fischer, J., dissenting).  "Intrusion into the sanctity of the home," although similar to the harm of

9.

being deprived of the right to be free from any contact or proximity with the person against whom the protection order was issued, is arguably a second separate and identifiable harm that was caused by Hoffman's violation of the protection order.

{¶ 24} A third potential harm associated with violating a protection order is that Hoffman, by willfully disregarding a court order, caused harm to the integrity of the judicial system. *See Hymer* at ¶ 29. As stated by the Twelfth District Court of Appeals in *Hymer*:

> The power of a protection order rests in the respect that both the public and the person bound by the protection order hold with regard to the orders of the judicial system. If an offender willfully ignores a protection order, this action undermines the judicial system and the trust the public places in court orders to provide them with a measure of protection against the respondent in such cases. *See generally State v. Local Union 5760, United Steelworkers of Am.*, 172 Ohio St. 75, 89 (1961) ("If courts are to be maintained and if they are to function properly in carrying out their constitutional and statutory duties, the defiance of court authority, as exemplified by the misconduct in the present case, cannot be tolerated. Courts must vigorously protect the dignity of their judgments, orders, and process. All those who would by misconduct obstruct the administration of justice must be on notice that they do so at their peril.")

*Id.* at ¶ 29; *but see State v. Birchell*, 2025-Ohio-26, ¶15 (5th Dist.) (the purpose of criminalizing the violation of a protection order is to protect the person covered by the order, not to protect the court system).

{¶ 25} The harms of "mental distress" (associated with the offense of menacing by stalking) and "deprivation of a court-ordered right to be free from any contact or

proximity with the person against whom the protection order was issued" (associated with the offense of violating a protection order) alone constitute separate and identifiable harms sufficient to establish that Hoffman's convictions were not allied offenses of similar import. The additional potential harms of "intrusion into the sanctity of the home" and "harm to the integrity of the judicial system" (both of which are associated with the offense of violating a protection order in this case) merely bolster this court's decision.

{¶ 26} Because, based on the specific facts and limited record in this case, Hoffman's convictions for violating a protection order and menacing by stalking were not of similar import, the trial court did not err when it failed to merge Hoffman's convictions. In the absence of error, Hoffman has failed to satisfy his burden of proving that he is entitled to the protection against double jeopardy.

{¶ 27} Moreover, even if this court assumes that the trial court did err in failing to merge the two convictions, the second element of the plain-error test requires the error to be obvious. "This part of the test 'gives teeth to our belief that the plain-error doctrine is warranted only under exceptional circumstances to prevent injustice.'" *State v. Gregg*, 2024-Ohio-5974, ¶ 23 (6th Dist.). Given the limited nature of the facts in this case, it cannot be said that a failure to merge the offenses was an *obvious* error.

{¶ 28} Accordingly, the trial court did not commit plain error when it failed to merge Hoffman's convictions for violating a protection order and menacing by stalking.

11.

**Second Assignment of Error**

{¶ 29} Hoffman's second assignment of error alleges ineffective assistance of trial counsel. In particular, Hoffman contends that his counsel was deficient in failing to argue that the two counts for which he was convicted should have merged for purposes of sentencing. He further contends that he was prejudiced by this failure as, under the facts of the case, there was a reasonable probability that had the trial court engaged in the merger analysis at sentencing, it would have merged the two convictions, resulting in a lower prison sentence.

{¶ 30} Because Hoffman's second assignment of error is wholly premised upon the trial court's alleged error in failing to merge Hoffman's convictions, we dismiss this assignment of error as moot.

## Conclusion

{¶ 31} The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of appeal pursuant to App.R. 24.

Judgment affirmed.

*State of Ohio v. Jake I. Hoffman*
Appeals Case Nos.: WD-24-078
WD-24-080
WD-24-081

Trial Court Case Nos.: 2024CR0051
2024CR0094
2024CR0241

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

| Thomas J. Osowik, J. | |
|---|---|
| | JUDGE |
| Gene A. Zmuda, J. | |
| | JUDGE |
| Myron C. Duhart, J. | |
| CONCUR. | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.