[Cite as *State v. Bagley*, 2025-Ohio-5196.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

State of Ohio                                          Court of Appeals No.  WM-25-007
                                                                                                  WM-25-008

        Appellee                               Trial Court No.  24 CR 142
                                                                                                  24 CR 125
v.

Ryan Bagley                                          **DECISION AND JUDGMENT**

        Appellant                              Decided: November 18, 2025

* * * * *

Joseph Urenovitch, Williams' County Prosecuting Attorney, and,
Katherine Zartman, Assistant Prosecuting Attorney, for appellee.

Christopher Bzeley, for appellant.

* * * * *

**OSOWIK, J.**

*Procedural History*

{¶ 1} This is a consolidated appeal of two separate convictions in Case Nos.

24CR000125 and 24CR000142 from the Williams County Common Pleas Court.

{¶ 2} In case No. 24CR000125, appellant, Ryan Bagley was indicted on

September 9, 2024, by the Williams County Grand Jury on seven counts:

Count One, alleging a violation of R.C. 2924.03(A)(1), 2925.03(C )(1)(c), Trafficking in Drugs, having occurred on or about April 23, 2024, a felony of the third degree.

Count Two, alleging a violation of R.C. 2925.11(A), 2925.11(C )(1)(b), Aggravated Possession of Drugs, having occurred on or about April 23, 2024, a felony of the third degree.

Count Three, alleging a violation of R.C. 2925.03(A)(1), 2925.03(C)(1)(c), Aggravated Trafficking in Drugs, having occurred on or about May 1, 2024, a felony of the third degree.

Count Four, alleging a violation of R.C. 2925.11(A), 2925.11(C)(1)(b), Aggravated Possession of Drugs, having occurred on or about May 1, 2024, a felony of the third degree.

Count Five, alleging a violation of R.C. 2925.03(A)(2), 2925.03(C)(1)(c), Aggravated Trafficking in Drugs, having occurred on or about May 28, 2024, a felony of the third degree with a specification for Forfeiture of Money in a Drug Case under R.C. 2941.1417(A).

Count Six, alleging a violation of R.C. 2925.11(A), 2925.11(C)(1)(b), Aggravated Possession of Drugs, having occurred on or about May 28, 2024, a felony of the third degree.

Count Seven, alleging a violation of R.C. 2923.13(A)(3), 2923.13(B), Having Weapons While Under Disability, having occurred on or about May 28, 2024, a felony of the third degree with a specification for Forfeiture of a Weapon while under Disability under R.C. 2941.1417(A).

### *Case No. 24CR000142*

{¶ 3} In this case, the Williams County Grand Jury returned a two-count indictment.

Count One, alleging a violation of R.C. 2923.13(A)(3), 2923.13(B), Having Weapons While Under Disability, having occurred from on or about September 1, 2024 through September 19, 2024, a felony of the third degree.

2.

Count Two, alleging a violation of R.C. 2925.11(A), 2925.11(C)(1)(a), Aggravated Possession of Drugs, having occurred from on or about September 1, 2024 through September 19, 2024, a felony of the fifth degree.

### *The Pleas*

{¶ 4} On February 13, 2025, a Negotiated Plea Recommendation was filed  that was executed by Bagley and his counsel, as well as the prosecutor.

{¶ 5} Pursuant to that recommendation, on March 6, 2025, Bagley pled guilty in case No. 24CR000125 to the following:

An Amended Count One, a violation of R.C. 2923.02 and R.C. 2925.03(A)(1), 2925.03(C)(1)(c), Attempted Aggravated Trafficking in Drugs, a felony of the fourth degree.

An Amended Count Three - A violation of Ohio Revised Code 52923.02 and Ohio Revised Code 2925.03(A)(1), 2925.03(C)(1)(c) Attempted Aggravated Trafficking in Drugs, a felony of the fourth degree.

Count Five - A violation of Ohio Revised Code 2925.03((A)(2), 2925.03(C)(1)(c), Aggravated Trafficking in Drugs, a felony of the third degree, including the Specification for Forfeiture of Money in a Drug Case.

Count Seven - A violation of Ohio Revised Code 2923.13(A)(3), 2923.13(B), Having Weapons While Under Disability, a felony of the third  degree, including the Specification for Forfeiture of a Weapon While Under Disability.

{¶ 6} On that same date, Bagley also pled guilty in Case No. 24CR000142 to the following:

An Amended Count One- a violation of R.C. 2923.02 and R.C. 2923.13(A)(3), 2923.13(B), Attempted Having Weapons While Under Disability, a felony of the   fourth degree.

3.

{¶ 7} Bagley was ultimately sentenced to a cumulative period of incarceration of 60 months in No. 24CR0000125. The court did not merge any of these offenses.  Bagley was also sentenced to 17 months in No. CR24000142, to be served concurrently with No. CR240000125.

{¶ 8} Bagley presents a single assignment of error to this court:

THE TRIAL COURT ERRED WHEN IT FAILED TO MERGE BAGLEY'S CONVICTIONS FOR TRAFFICKING AND HAVING A WEAPON UNDER DISABILITY IN CASE NO. 24 CR 125.

{¶ 9} Bagley argues that since Count Five, Aggravated Trafficking in Drugs and Count Seven, Having Weapons While Under Disability occurred on the same day, May 28, 2024, the sentences imposed on those counts should have merged.   He presents no further argument other than to assert generally that pursuant to *State v. Ruff*, 2015-Ohio-995, these offenses are similar in import, that they were committed simultaneously and committed with the same animus or motivation.

{¶ 10} Bagley also urges this court that if we find the merger issue was not preserved for appeal, that we review for plain error.  He does not present an argument in support of this position.

{¶ 11} Whether offenses should be merged as allied offenses under R.C. 2941.25 is generally reviewed de novo.  Bagley, however, did not argue or preserve the issue of merger before the trial court. Thus, we agree that our review is limited to plain error. *State v. Wright*, 2025-Ohio-3176, ¶ 42-44 (6th Dist.).

4.

{¶ 12} Under the plain-error doctrine, intervention by a reviewing court is warranted only under exceptional circumstances to prevent injustice. *State v. Bailey*, 2022-Ohio-4407, ¶ 8, citing *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus. To prevail, Bagley must establish that an error occurred, that the error was obvious, and that there is a reasonable probability that the error resulted in prejudice, meaning that the error affected the outcome of the trial. *State v. McAlpin*, 2022-Ohio-1567, ¶ 66. The elements of the plain-error doctrine are conjunctive: all three must apply to justify an appellate court's intervention. *State v. Hoffman,* 2025-Ohio-4609 ¶ 15 (6th Dist.).

{¶ 13} For the first element, there must be an error. Here, the alleged error is that the trial court failed to find that these two offenses should have merged at sentencing.

{¶ 14} R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article 1 of the Ohio Constitution, which prohibit multiple punishments for the same offense. *State v. Rogers*, 2022-Ohio-4126, ¶ 16 (6th Dist.). That section provides,

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them. R.C. 2941.25.

5.

**{¶ 15}** As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered. *See Bailey* at ¶ 10, quoting *State v. Earley*, 2015-Ohio-4615, ¶ 12, quoting *State v. Ruff*, 2015-Ohio-995, ¶ 31.

**{¶ 16}** The defendant bears the burden of establishing his entitlement to the protection, provided by R.C. 2941.25, against multiple punishments for a single criminal act. *Wright,* 2025-Ohio-3176, at ¶ 40-41 (6th Dist.).

**{¶ 17}** The offense of Having Weapons While Under Disability is set forth in R.C. 2923.13(A)(3) which states:

> (A) Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
> (3) The person is under indictment for or has been convicted of any felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse.
> R.C. 2923.13

{¶ 18} Count Seven of the indictment in No. 24CR000125 specifically references a conviction of Bagley on or about 02/20/2020 in Williams County case No. 19CR000181, Aggravated Possession of Drugs, in violation of R.C. 2925.11(A)(C)(1)(b).

{¶ 19} Thus, Bagley's constructive possession of the firearm is sufficient to meet the weapons-under-disability statute. However, he claims the weapons-under disability count is an allied offense of similar import that must merge with the Aggravated Possession of Drugs. We disagree.

{¶ 20} We agree with the opinion of the First District when it held that having weapons while under disability is of a dissimilar import from other offenses because the statute manifests a legislative purpose to punish the act of possessing a firearm while under a disability separately from any offense committed with the firearm. *See State v. Bates*, 2015–Ohio–116, ¶ 30 (1st Dist.). The underlying purpose of criminalizing having weapons while under disability is to protect the general public from the increased risk of harm of armed criminals. *State v. Dalmida*, 2015-Ohio-4995, ¶ 29-33 (1st Dist.).

{¶ 21} The offense of Aggravated Possession of Drugs has a different import and significance than merely having a weapon while under disability. The offense of having a weapon while under disability occurs when a person who is under indictment for, or has been convicted of a felony offense of violence or involving illegal drugs, acquires, has, carries, or uses a firearm. R.C. 2923 .13(A). This import is separate and identifiable from Bagley's conviction for Aggravated Possession of Drugs.  As such, the offenses were committed separately. Bagley, therefore, has failed to satisfy his burden to prove that he

7.

is entitled to the protection against double jeopardy. The trial court did not err when it failed to merge his convictions for Aggravated Possession of Drugs and Having a Weapon While Under Disability.

{¶ 22} Therefore, we hold that the harm that resulted from each offense was separate and identifiable, and, thus, the offenses do not merge. Bagley's sole assignment of error is overruled.

*Conclusion*

{¶ 23} For the foregoing reasons, the judgment of the Williams County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Gene A. Zmuda, J.

Charles E. Sulek, P.J.
CONCUR.

JUDGE

JUDGE

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

8.