[Cite as *State v. Becker*, 2026-Ohio-1813.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
ASHLAND COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | Case No. 25-COA-029 |
| Plaintiff – Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Ashland County Court of Common Pleas, Case No. 24-CRI-153 |
| TONY BECKER | Judgment:   Affirmed |
| Defendant - Appellant | Date of Judgment Entry: May 18, 2026 |

BEFORE: Craig R. Baldwin, Kevin W. Popham, and David M. Gormley, Judges

APPEARANCES: Christopher R. Tunnell (Prosecuting Attorney), James B. Reese, III (Assistant Prosecuting Attorney), for Plaintiff-Appellee; Patrick L. Brown, for Defendant-Appellant

OPINION

*Popham, J.,*

{¶1}     Appellant Tony Becker appeals his convictions for two counts of sexual battery in the Ashland County Court of Common Pleas.  Becker contends the trial court erred by failing to merge the offenses as allied offenses of similar import.  Because the trial court did not err in declining to merge his offenses at sentencing, we affirm the judgment of the trial court.

*Facts & Procedural History*

{¶2}     The following facts are drawn from the plea hearing, sentencing hearing, and presentence investigation report.

**{¶3}** K.L., the victim, attended a party at Becker's house when she was fifteen years old. Becker, then fifty years old, was a family friend of K.L.'s boyfriend, G.C. Becker's home was a split-level home. A bathroom located on the lower level was adjacent to Becker's bedroom, while another bathroom was located upstairs. To reach the stairs leading to the upstairs bathroom, a person would have to pass the stairway leading to Becker's bedroom and the downstairs bathroom.

**{¶4}** For most of the night, Becker and his party guests were outside. Between midnight and 1:00 a.m., Becker announced that he was going to bed. Approximately thirty to forty-five minutes later, K.L. entered the house to use the upstairs bathroom. As she walked past the stairway leading to Becker's bedroom, Becker told her to "come here." When K.L. started to walk down the stairs, Becker grabbed her arm, pulled her into the downstairs bathroom, turned off the light, and closed the door.

**{¶5}** According to K.L., Becker pushed her against the mirror, unzipped and lowered her pants, and "stuck his dick inside of me." K.L. stated that Becker was "inside of her" for approximately one minute. Becker "pulled out" when he heard someone else come into the house. Becker told K.L. to "get her fucking clothes on" and instructed her to tell the other party guests that they were "talking about edibles."

**{¶6}** K.L. walked up three steps from the downstairs bathroom into the living room area. G.C. was the individual who had entered the house. Afraid to disclose what had occurred, K.L. followed Becker's instructions and told G.C. that she and Becker were "looking at gummies." She also told G.C. to "go get [Becker's daughter]." Becker then approached from behind K.L. and repeated that they were "looking at gummies." G.C. subsequently returned outside.

**{¶7}** G.C. later told police that he entered the house because K.L. had been inside longer than he expected. He stated he remained inside "for a little bit" before returning outside. He confirmed that K.L. said she and Becker were "looking at edibles" and that Becker approached from behind K.L. during their conversation.

**{¶8}** K.L. stated that, immediately after G.C. went back outside, Becker grabbed her again, pulled her back down the steps to the bathroom, told her to "just suck it," and "made me suck his dick." This lasted for approximately forty-five seconds and ended when Becker's daughter came into the house.

**{¶9}** K.L. immediately reported the assaults to the other partygoers, who transported her to the hospital.

**{¶10}** Becker was initially charged in a six-count indictment. Pursuant to a plea agreement, Becker pled guilty to two counts of sexual battery, both third-degree felonies. Merger was not discussed during the plea hearing on July 25, 2025.

**{¶11}** At the sentencing hearing on September 15, 2025, counsel for Becker did not request merger. Counsel for Becker stated that the accounts K.L. provided to the police were consistent in that the "first encounter ended" when Becker and K.L. heard someone enter the house and that a "second encounter occurred" back in the downstairs bathroom. The State argued the offenses should not merge, noting that defense counsel's characterization of the events effectively conceded that the offenses were separate.

**{¶12}** The trial court found the offenses do not merge, stating these are "separate acts," and sentenced Becker to sixty months in prison on each charge, to be served consecutively, for a total aggregate sentence of ten years in prison. The trial court issued a sentencing entry on September 17, 2025.

{¶13} Becker appeals the judgment entry of the Ashland County Court of Common Pleas and assigns the following as error:

{¶14} "THE TRIAL COURT ERRED BY FINDING THAT THE OFFENSES MR. BECKER WAS CONVICTED OF WERE NOT ALLIED OFFENSES OF SIMILAR IMPORT."

*Standard of Review*

{¶15} Generally, appellate courts review de novo whether certain offenses should be merged as allied offenses. *State v. Bailey*, 2022-Ohio-4407, ¶ 6. However, it is undisputed that Becker failed to preserve the issue of merger at the trial court level.

{¶16} Ohio law recognizes a distinction between alleged errors to which a defendant objects in the trial court and those that he or she fails to raise there. *State v. Jones*, 2020-Ohio-3051, ¶ 17. "When the defendant forfeits the right to assert an error on appeal by failing to bring it to the trial court's attention in the first instance, an appellate court applies plain-error review." *Id.*, citing *State v. Rogers*, 2015-Ohio-2459, ¶ 21-22; see also Crim.R. 52(B). Under a plain-error review, "the defendant bears the burden of 'showing that but for a plain or obvious error, the outcome of the proceeding would have been otherwise, and reversal must be necessary to correct a manifest miscarriage of justice.'" *Id.*, quoting *State v. Quarterman*, 2014-Ohio-4034, ¶ 16. A reviewing court should "notice plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Barnes*, 94 Ohio St.3d 21, 27, quoting *State v. Long*, 53 Ohio St.2d 91, 97 (1978).

{¶17} By failing to seek merger of allied offenses of similar import in the trial court, a defendant forfeits all but a plain-error review on appeal. *Rogers* at ¶ 21. A trial court's failure to merge allied offenses can constitute plain error when the defendant

demonstrates a reasonable probability that "he has, in fact, been convicted of allied offenses of similar import committed with the same conduct and with the same animus," thereby showing prejudicial effect on the outcome of the proceeding. *Id.* at ¶ 25.

{¶18} Because Becker failed to preserve the issue of merger at the trial court level, we review the issue for plain error. *Bailey* at ¶ 7; *State v. Pondexter*, 2025-Ohio-2197, ¶ 6 (5th Dist.); *State v. Birchell*, 2025-Ohio-26, ¶ 9 (5th Dist.).

I.

{¶19} The Double Jeopardy Clause in the Fifth Amendment protects individuals "against the imposition of multiple criminal punishments for the same offense." *Rogers* at ¶ 16. R.C. 2941.25(A) affords a similar protection, providing that "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

{¶20} The Supreme Court of Ohio has explained that a reviewing court should consider three questions when a defendant's conduct results in multiple charges: "(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?" *State v. Ruff*, 2015-Ohio-995, ¶ 31. An affirmative answer to any of the three questions will permit a separate conviction. *Id.* The Supreme Court also explained in *Ruff* that two or more offenses of dissimilar import exist when the defendant's conduct constitutes offenses involving separate victims, or, if there is only one victim, the resulting harm from the defendant's conduct is separate and identifiable. *Id.* at ¶ 26. Under a plain error standard of review, the defendant bears the burden of "demonstrate[ing] a reasonable probability that the convictions are for allied offenses," and, absent that showing, the defendant

"cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error." *Rogers* at ¶ 3.

**{¶21}** Becker contends the sexual battery counts should merge because they involve the same victim, the same animus, and were part of one single sexual encounter that was briefly interrupted and then resumed again. We disagree with this characterization of events.

**{¶22}** First, this Court has consistently held that "[d]ifferent sexual acts occurring in the same encounter are not allied offenses of similar import." *State v. Jones*, 2022-Ohio-3644, ¶ 50 (5th Dist.) (vaginal intercourse and anal intercourse are different and distinct sexual acts and are not allied offenses of similar import); *State v. Crim*, 2025-Ohio-1921, ¶ 26 (5th Dist.) (charged acts of vaginal intercourse and fellatio are not allied offenses); *State v. Jones*, 2010-Ohio-2243, ¶ 17 (5th Dist.) (digital penetration and cunnilingus are separate sexual acts, even when committed in short period of time); *State v. Waters*, 2003-Ohio-4624, ¶ 46 (5th Dist.) (vaginal intercourse and fellatio are separate conduct). Here, Becker committed two separate acts: vaginal intercourse and fellatio. Although the offenses occurred relatively close in time, there was a break in time long enough to allow K.L. to interact with G.C. and they are different and distinct sexual acts which were committed separately. Thus, the trial court did not commit plain error in failing to merge the convictions. *Jones*, 2022-Ohio-3644 at ¶ 50.

**{¶23}** Further, "when one offense is complete prior to the completion of another offense during the defendant's course of conduct, those offenses are separate acts," regardless of their proximity in time. *State v. Girard*, 2025-Ohio-4494 (6th Dist.), quoting *State v. Mooty*, 2014-Ohio-733, ¶ 49 (2nd Dist.). The record in this case demonstrates that Becker completed the first sexual battery before committing the

second. Becker committed the first act (vaginal intercourse) in the downstairs bathroom. K.L. and Becker then left the bathroom, walked up three steps, and spoke with G.C. for a period of time that G.C. described as "a little bit." Only after that conversation did Becker grab K.L. again, pull her back into the bathroom, and commit the second sexual battery (fellatio). Because Becker committed the crimes separately, they are not allied offenses of similar import. *Girard* at ¶ 22.

{¶24} Likewise, each count of sexual battery was committed with a separate animus and separate harm. *State v. Waters*, 2003-Ohio-4624 (5th Dist.) (separate animus for vaginal intercourse and fellatio). As the Supreme Court of Ohio has stated, "[e]ach act is further denigration of the victim's integrity and a further danger to the victim." *State v. Barnes*, 68 Ohio St.2d 13, 19 (1981); see also *State v. Crim*, 2025-Ohio-1921, ¶ 28 (5th Dist.).

{¶25} We find the trial court did not commit plain error by failing to merge the two sexual battery convictions. Becker's assignment of error is overruled.

{¶26} For the reasons stated in our Opinion, the judgment of the Ashland County Court of Common Pleas is affirmed.

{¶27} Costs to Appellant Tony Becker.


By: Popham, J.

Baldwin, P.J. and

Gormley, J., concur