**[Cite as *State v. Pondexter*, 2025-Ohio-2197.]**

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Andrew J. King, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| MICHAEL PONDEXTER | : | Case No. 24 COA 040 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Ashland County
Court of Common Pleas Case No.
24 CRI 250

JUDGMENT:        Affirmed

DATE OF JUDGMENT:        June 23, 2025

APPEARANCES:

For Defendant-Appellant

Christopher C. Bazeley
9200 Montgomery Road, Suite 8A
Cincinnati, Ohio 45242

*Gormley, J.*

**{¶1}**    Defendant Michael Pondexter appeals his convictions for strangulation and domestic violence in the Ashland County Court of Common Pleas.  Pondexter argues that the trial court should have merged the two charges as allied offenses.  For the reasons explained below, we affirm Pondexter's convictions.

**Facts and Procedural History**

**{¶2}**    Pondexter pled guilty to one count of strangulation (a fourth-degree felony) and one count of domestic violence (a first-degree misdemeanor) following a physical altercation with his wife.  Pondexter — according to a police officer's testimony at a protection-order hearing held two months before Pondexter's change-of-plea hearing — pushed his wife against a fence, placed his hands around her throat, and began to squeeze.  The officer also testified that Pondexter — while driving his wife's vehicle — chased her down an alley in an apparent attempt to run her over with the vehicle.

**{¶3}**    At the hearing where Pondexter entered his guilty plea and was sentenced, the state and Pondexter jointly recommended an 18-month prison term.  When the trial judge inquired about merger, the prosecutor said, "You can merge them."  Instead, the judge imposed sentences on each of the charges: an 18-month prison term on the strangulation charge and a concurrent 180-day jail term on the domestic-violence charge.

**{¶4}**    Pondexter now appeals, arguing that the trial judge should have merged the two charges and should have sentenced him on just one charge rather than both.

**Standard of Review**

**{¶5}**    Ohio law recognizes a distinction between alleged errors to which a defendant objects in the trial court and those that he or she fails to raise there.  *State v.*

*Jones*, 2020-Ohio-3051, ¶ 17. "When the defendant forfeits the right to assert an error on appeal by failing to bring it to the trial court's attention in the first instance, an appellate court applies plain-error review." *Id.*, citing *State v. Rogers*, 2015-Ohio-2459, ¶ 21–22; *see also* Crim.R. 52(B). Under a plain-error review, "the defendant bears the burden of 'showing that but for a plain or obvious error, the outcome of the proceeding would have been otherwise, and reversal must be necessary to correct a manifest miscarriage of justice.'" *Id.*, quoting *State v. Quarterman*, 2014-Ohio-4034, ¶ 16. A reviewing court should "notice plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002), quoting *State v. Long*, 53 Ohio St.2d 91, 97 (1978).

{¶6} By failing to seek merger of allied offenses of similar import in the trial court, a defendant forfeits all but a plain-error review on appeal. *Rogers* at ¶ 21. A trial court's failure to merge allied offenses can constitute plain error when the defendant demonstrates a reasonable probability that "he has, in fact, been convicted of allied offenses of similar import committed with the same conduct and with the same animus," thereby showing prejudicial effect on the outcome of the proceeding. *Id.* at ¶ 25.

{¶7} Because Pondexter did not ask the trial court to merge the strangulation and domestic-violence charges and did not object when the trial judge failed to merge them, we review the trial court's decision solely for plain error.

## The Trial Court Did Not Commit Plain Error by Failing to Merge Pondexter's Convictions

{¶8} The Double Jeopardy Clause in the Fifth Amendment, of course, protects individuals "against the imposition of multiple criminal punishments for the same offense." *Rogers* at ¶ 16. R.C. 2941.25(A) affords a similar protection, providing that "[w]here the

same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." When a defendant is to be sentenced on allied offenses, "it is the state that chooses which of the allied offenses to pursue at sentencing, and it may choose any of the allied offenses." *State v. Whitfield*, 2010-Ohio-2, ¶ 20, citing *State v. Brown*, 2008-Ohio-4569, ¶ 43.

{¶9} The Supreme Court of Ohio has explained that a reviewing court should consider three questions when a defendant's conduct results in multiple charges: "(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?" *State v. Ruff*, 2015-Ohio-995, ¶ 31. An affirmative answer to any of the three questions will permit a separate conviction. *Id.* The court also explained in *Ruff* that two or more offenses of dissimilar import exist when the defendant's conduct constitutes offenses involving separate victims or, if there is only one victim, the resulting harm from the defendant's conduct is separate and identifiable. *Id.* at ¶ 26.

{¶10} Appellate courts have historically taken different approaches to resolve alleged merger-determination errors when the record contains limited or insufficient factual information to enable a reviewing court to determine what conduct supports each charge.

{¶11} The Eighth District Court of Appeals, sitting en banc, addressed this issue in *State v. Rogers*, 2013-Ohio-3235 (8th Dist.). There, the court noted that "no discussion took place in the trial court about merger of the counts" and "nothing in the documents that comprise the record . . . contains sufficient factual information that would permit . . .

[a merger] analysis." *Id.* at ¶ 19. The court ultimately held that a trial court commits plain error "where multiple charges facially present a question of merger under R.C. 2941.25 and the trial court fails to conduct an allied offenses of similar import analysis." *Id.* at ¶ 33.

**{¶12}** The Sixth District Court of Appeals, in *State v. Wallace*, 2012-Ohio-2675, (6th Dist.), decided the issue differently. In that case, where two offenses were not merged by the trial judge, and where "[t]he record below lack[ed] evidence upon which to determine whether the same conduct resulted in both convictions," the court of appeals affirmed both convictions, concluding that the defendant had failed to show plain error. *Id.* at ¶ 12.

**{¶13}** The Supreme Court of Ohio settled a certified conflict between these cases in *State v. Rogers*, 2015-Ohio-2459. While noting that there may be instances where a trial court's failure to conduct an allied-offenses analysis amounts to plain error, the court declined to adopt the Eighth District's bright-line rule that that failure necessarily requires reversal. *Id.* at ¶ 1, 3. Instead, the court explained that — under a plain-error standard of review — the defendant bears the burden of "demonstrat[ing] a reasonable probability that the convictions are for allied offenses," and that, absent that showing, the defendant "cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error." *Id.* at ¶ 3.

**{¶14}** Here, the record from the plea-change hearing is meager on the merger question. Pondexter was sentenced immediately after he entered his guilty plea, and no presentence report was prepared for the trial judge. As for the facts that gave rise to the charges, the parties said nothing about them at the plea-change hearing. Pondexter was

not asked to explain what he had done, and neither his attorney nor the prosecutor described his crimes.

{¶15}  To be sure, the trial judge, just before imposing the sentence, noted that he "did have the opportunity to have a chamber status conference on this," and so — the judge indicated — he was "familiar with the facts."  We have no record of what information the trial judge may have heard in his chambers, however, so we are left to search elsewhere in the record for the facts.

{¶16}  Included in our record is a transcript of a protection-order hearing that was held in Pondexter's criminal case three days after the date of the alleged crimes.  A police officer testified at that hearing that Pondexter and his wife had, on the day of the alleged crimes, argued over allegations of infidelity in their relationship.  A physical altercation ensued.  Pondexter pulled his wife out of the van that they were in and began carrying her back toward their house.  After his wife managed to free herself from Pondexter's grasp, Pondexter grabbed her again.  Pondexter then — according to the officer's testimony — pushed her against a fence, put his hand around her throat, and started to squeeze.

{¶17}  The police officer also testified at the hearing about video footage from the same day that showed Pondexter's wife running down an alley with Pondexter pursuing her in the van.  This was witnessed, the officer said, by a bystander across the street.  The officer told the court at the protection-order hearing that both the wife and the bystander believed that Pondexter was trying to run his wife over with the van.

{¶18}  With that information before us, we cannot say that Pondexter has met his burden of showing a reasonable probability that he was convicted of allied offenses that

should have been merged at sentencing. The strangulation charge alleged that Pondexter had caused or created a substantial risk of physical harm to a victim by means of strangulation or suffocation. R.C. 2903.18(B)(3). The domestic-violence charge, in turn, alleged that Pondexter knowingly caused or attempted to cause physical harm to a family or household member. R.C. 2919.25(A).

{¶19} The record supports a finding that the crimes were separate acts. The throat-squeezing incident by the fence of course supports Pondexter's strangulation conviction, while his use of a speeding van to pursue his fleeing-on-foot wife supports the domestic-violence conviction. Pondexter, therefore, has not met his burden of demonstrating a reasonable probability that he was convicted of allied offenses.

{¶20} In support of his contrary view here, Pondexter argues that the indictment alleges that the two crimes occurred on the same day against the same victim. Pondexter also claims that the throat-squeezing incident could support both charges. Certainly those are valid points, but what about the pursuit of his wife with the van? His brief ignores that incident, and presumably he hopes that we will do the same. Under *Rogers*, though, he bears the burden of demonstrating to us a reasonable probability that his two convictions resulted from a single act. He has not met that burden, and so we cannot say that the trial judge committed plain error by failing to merge the two charges into one.

**{¶21}** For the reasons explained above, we affirm the judgment of the trial court.

By: Gormley, J.

Hoffman, P.J. and

King, J. concur.