[Cite as *State v. Freeman*, 2025-Ohio-5204.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,  :  APPEAL NO.  C-250291
                    TRIAL NO.   B-2500365
    Plaintiff-Appellee,  :

vs.  :

*JUDGMENT ENTRY*

FREDERICK FREEMAN,  :

    Defendant-Appellant.  :

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 11/19/2025 per order of the court.**

**By:**_____
      **Administrative Judge**

[Cite as *State v. Freeman*, 2025-Ohio-5204.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-250291 |
| | | TRIAL NO. | B-2500365 |
| Plaintiff-Appellee, | : | | |
| vs. | : | | |
| | | *O P I N I O N* | |
| FREDERICK FREEMAN, | : | | |
| Defendant-Appellant. | : | | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: November 19, 2025

*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael J. Trapp*, for Defendant-Appellant.

**CROUSE, Judge.**

{¶1}   Defendant-appellant Frederick Freeman appeals from the trial court's judgment convicting him, following a bench trial, of strangulation and domestic violence and sentencing him to an aggregate term of 36 months of imprisonment.

{¶2}   In a single assignment of error, Freeman argues that his convictions for strangulation and domestic violence were allied offenses of similar import and that the trial court erred in imposing a separate sentence for each offense. Following our review of the record, we find this argument to be without merit. Because the offenses were committed separately and were of dissimilar import, we hold that the trial court did not err in imposing separate sentences and we affirm the trial court's judgment.

## I.  Factual and Procedural History

{¶3}   Freeman was charged in an indictment with strangulation, a fourth-degree felony in violation of R.C. 2903.18(B)(3), and domestic violence, a third-degree felony in violation of R.C. 2919.25(A). The victim of each offense was Freeman's nephew, Z.B.

{¶4}   The evidence presented at trial established that both Freeman and Z.B. resided in an apartment belonging to D.H., who is Freeman's mother and Z.B.'s grandmother. D.H. testified that she called the police on January 23, 2025, regarding an altercation between Freeman and Z.B. According to D.H., she heard Freeman kick in the door to Z.B.'s room. She could not see what occurred in that room, but she testified that the struggle between the two moved to her bedroom, where she saw Z.B. lying on the floor while Freeman choked him from above.

{¶5}   D.H. testified that she was legally blind, which prohibited her from seeing smaller, finer objects. However, she was still able to see "bigger things." She testified that she saw Freeman's hands around Z.B.'s throat and Z.B. gasping for air.

She asked Freeman to stop and tried to pull him off of Z.B. D.H. testified that the fight ended when Z.B. stabbed Freeman with a pair of scissors. She explained that she instructed Z.B. to go outside and ask for help. While Z.B. was standing outside, D.H. saw Freeman approach Z.B. from behind with something in his hands, "like he was going to stab him."

{¶6}    Z.B. testified that Freeman kicked in the door to his room, jumped on him, and choked him. He explained that Freeman had both hands around his neck and applied enough force to affect his ability to breathe. According to Z.B., he was able to knock Freeman off of him and run to D.H.'s room, where he grabbed a pair of scissors off her dresser. Z.B. testified that Freeman followed him into D.H.'s room, where they ended up on the floor between the dresser and bed. Freeman again choked Z.B., who stabbed Freeman with the scissors that he had grabbed.

{¶7}    Z.B. further testified that, after he made his way outside and while he was talking to a neighbor, he saw Freeman approach him with a screwdriver. Z.B. first testified that Freeman "aimed at my head and missed," and then stated that "he hit me in my back like the other part of my neck, like my neck area." Z.B. testified that he had cuts on his thighs and feet and that he suffered injuries to his back and neck area. He described his neck as "pink" and stated that it was hard to breathe. Two pictures of the injuries suffered by Z.B. were admitted at trial.

{¶8}    Freeman testified in his own defense. He acknowledged kicking in the door to Z.B.'s room but denied choking Z.B. According to Freeman, Z.B. got in his face and stabbed him in the head with scissors. In response, he pushed up on Z.B.'s chin. Freeman also denied taking a screwdriver outside.

{¶9}    The trial court found Freeman guilty of both strangulation and domestic violence. It imposed a sentence of 12 months' imprisonment for the offense of

4

strangulation and a sentence of 36 months' imprisonment for the offense of domestic violence. These sentences were ordered to be served concurrently.

## II. Allied Offenses

{¶10} In his sole assignment of error, Freeman argues that the trial court erred by entering separate sentences for the offenses of strangulation and domestic violence where they were allied offenses of similar import.

{¶11} Pursuant to R.C. 2941.25(A), "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

{¶12} Convictions will not merge and separate sentences may be imposed under R.C. 2941.25 if the offenses were committed separately, if they were committed with a separate animus or motivation, or if "the conduct constitutes offenses of dissimilar import or significance." *State v. Sexton*, 2025-Ohio-718, ¶ 45 (1st Dist.); *see* R.C. 2941.25(B). Offenses will be considered to be of dissimilar import where "'the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.'" *State v. Stites*, 2020-Ohio-4281, ¶ 80 (1st Dist.), quoting *State v. Ruff*, 2015-Ohio-995, paragraph two of the syllabus.

{¶13} Freeman concedes that, because he failed to object below to the trial court's failure to merge these offenses, his argument is subject to plain-error review. *See State v. Bailey*, 2022-Ohio-4407, ¶ 7; *State v. Gill*, 2024-Ohio-2792, ¶ 50 (1st Dist.). To succeed under such review, Freeman must establish that "an error occurred, that the error was obvious, and that there is a reasonable probability that the error resulted in prejudice, meaning that the error affected the outcome of the trial."

(Cleaned up.) *Bailey* at ¶ 8. These three elements of the plain-error standard are conjunctive. In other words, "all three must apply to justify an appellate court's intervention." *Id.* at ¶ 9.

{¶14} Freeman was convicted of strangulation in violation of R.C. 2903.18(B)(3), which provides that "[n]o person shall knowingly . . . [c]ause or create a substantial risk of physical harm to another by means of strangulation or suffocation." He was also convicted of domestic violence in violation of R.C. 2919.25(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." He contends that these offenses were subject to merger because there was a single victim of the offenses, the harm caused by each offense was not separate and identifiable, and the offenses were committed at the same time and with the same animus.

{¶15} Following our review of the record, we find no plain error in the trial court's failure to merge Freeman's convictions for strangulation and domestic violence.

{¶16} In *State v. Pondexter*, 2025-Ohio-2197, ¶ 7 (5th Dist.), the court similarly considered, under plain-error review, whether the offenses of strangulation and domestic violence were allied offenses of similar import. In *Pondexter*, the defendant "pushed his wife against a fence, placed his hands around her throat, and began to squeeze." *Id.* at ¶ 2. He then drove his wife's vehicle and "chased her down an alley in an apparent attempt to run her over with the vehicle." *Id.* The court held that, on these facts, the "crimes were separate acts," and that "[t]he throat-squeezing incident by the fence of course supports Pondexter's strangulation conviction, while his use of a speeding van to pursue his fleeing-on-foot wife supports the domestic-violence conviction." *Id.* at ¶ 19.

6

**{¶17}** Like in *Pondexter*, the evidence presented in the case at bar supported a determination that Freeman separately committed the offenses of strangulation and domestic violence. The testimony offered by D.H. and Z.B. established that Freeman choked Z.B. in Z.B.'s bedroom and then again in D.H.'s bedroom. After that struggle ended, Z.B. went outside. Freeman followed Z.B. outside and hit him in the back of his neck with what Z.B. perceived to be a screwdriver. The offense of strangulation was committed when Freeman choked Z.B. in the two bedrooms. The offense of domestic violence was separately committed when Freeman followed Z.B. outside and attacked him with a screwdriver.

**{¶18}** On this record, the trial court could also have determined that the two offenses were committed with a dissimilar import because they resulted in harm that was separate and identifiable. *See Stites*, 2020-Ohio-4281, at ¶ 80 (1st Dist.). The strangulation offense caused Z.B. to experience difficulty breathing and suffer injury/bruising to his neck. The domestic-violence offense resulted in Z.B. suffering an injury to the back of his neck from a screwdriver. *See State v. Heald*, 2025-Ohio-3031, ¶ 72 (11th Dist.) (holding that offenses of strangulation and domestic violence were of dissimilar import and caused separate and identifiable harm where the offense of domestic violence resulted in bruising to the victim's leg and the offense of strangulation resulted in an injured throat).

**{¶19}** Because Freeman failed to establish that an error occurred, let alone an error that was obvious, we find no plain error in the trial court's failure to merge the offenses of strangulation and domestic violence. Freeman's assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**KINSLEY, P.J.,** and **MOORE, J.,** concur.